10-1444-cv
Balducci v. Hyundai Motor America, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of January, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> > *Circuit Judges*,
> RICHARD K. EATON,
> > *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANN R. BALDUCCI,

> *Plaintiff-Appellant*,

-v.-                                                      No. 10-1444-cv

Hyundai Motor America, Incorporated,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | CHRISTOPHER N. PARLATO, DeSanto and Parlato, Watertown, CT. |
| **FOR DEFENDANT-APPELLEE:** | ELIZABETH M. BERGEN, Gibson, McAskill & Crosby, LLP, Buffalo, NY. |

---

[*] The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

Appeal from a March 11, 2010, judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

On May 15, 2006, plaintiff-appellant Ann R. Balducci was involved in a two-car motor vehicle accident during which the air bag system in her 2000 Hyundai Elantra failed to deploy. Alleging that this failure was the result of a manufacturing defect, Balducci brought a product liability action against the manufacturer, Hyundai Motor America, Inc. ("Hyundai"), pursuant to Conn. Gen. Stat. § 52-572m, *et seq.*, seeking damages for injuries sustained during the accident. After the District Court granted summary judgment to Hyundai, *see Balducci v. Hyundai Motor Am. Inc.*, No. 08 CV 356 (D. Conn. Mar. 11, 2010), Balducci brought this appeal. We assume the parties' familiarity with the underlying facts and the procedural history.

We review a district court's grant of summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Undertaking that review, we affirm the grant of summary judgment to Hyundai for substantially the reasons set forth by the District Court in its ruling of March 11, 2010. Specifically, we agree with the District Court that because Balducci failed to rebut the evidence offered by Hyundai in support of the proposition that the air bag system did not malfunction by failing to deploy, Balducci failed to satisfy the first prong of Connecticut's "malfunction doctrine," which "requires the plaintiff to provide at least circumstantial evidence that the product malfunctioned." *Balducci*, No. 08 CV 356, at *7. Although Balducci raised issues of fact regarding the impact's location and the degree of damage, she offered no evidence demonstrating an "absence of other identifiable causes" when defendant's evidence shows that the air bag's non-deployment was caused by the low speed of Balducci's car and the type of crash, not a malfunction. *See Potter v. Chi. Pneumatic Tool Co.*, 241 Conn. 199, 218 (1997); *see also Fallon v. Matworks*, 50 Conn. Supp. 207, 218 (Conn. Super. Ct. 2007) (noting "crucial additional showing" in malfunction case of negating other "causes for the malfunction other than a product defect" (internal quotation marks omitted)).

## CONCLUSION

We have considered each of Balducci's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk